1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11   CELESTE ROBERTSON,            )
                                    )
12             Plaintiff(s),        )      No. C09-1681  BZ
                                    )
13        v.                        )      **ORDER GRANTING PLAINTIFF'S**
                                    )      **MOTION FOR SUMMARY JUDGMENT**
14   RICHARD J. BOUDREAU &          )
     ASSOCS., LLC,                  )
15                                  )
               Defendant(s).        )
16                                  )
     _____)
17

18        On April 16, 2009, plaintiff Celeste Robertson filed a

19   complaint alleging violations of the Fair Debt Collection

20   Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the

21   Rosenthal Fair Debt Collection Practices Act ("RFDCPA")and

22   seeks statutory damages, attorneys' fees and costs.  Now

23   before me is plaintiff's motion for summary judgment.[1]

24        Defendant Richard J. Boudreau & Associates, LLC mailed

25   three dunning (debt collection) letters to plaintiff in an

26   effort to collect a debt allegedly due to Roundup Funding,

27   _____

28        [1]   All parties have consented to my jurisdiction
     pursuant to 28 U.S.C. § 636(c).

                                1

1   LLC.  Defendant admits sending the letters.  The only issue in

2   dispute is whether the letters comply with the FDCPA and the

3   RFDCPA.[2]

4       I.  Standard

5       Rule 56 of the Federal Rules of Civil Procedure provides

6   for summary judgment when there is no genuine issue as to any

7   material fact and the court can determine that the party is

8   entitled to a judgment as a matter of law.  A genuine issue of

9   material fact exists if a reasonable jury could return a

10  verdict in favor of the nonmoving party.  <u>Anderson v. Liberty

11  Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).  The court does not

12  make credibility determinations or weigh conflicting evidence,

13  and views the evidence in the light most favorable to the

14  nonmoving party.  <u>T.W. Elec. Serv. v. Pacific Elec.

15  Contractors Ass'n</u>, 809 F.2d 626, 630-631 (9th Cir. 1987)

16  (citing <u>Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio

17  Corp.</u>, 475 U.S. 574, 586 (1986)).

18      Once the moving party meets its initial burden, the

19  non-moving party "may not rely merely on allegations or

20  denials in its own pleading," but must go beyond the pleadings

21  and "by affidavits or as otherwise provided in [Rule 56,] set

22  out specific facts showing a genuine issue for trial."

23  Fed.R.Civ.P. 56(e); <u>Celotex Corp. v. Catrett</u>, 477 U.S. at 324

24  (1986); <u>Valandingham v. Bojorquez</u>, 866 F.2d 1135, 1137 (9th

25  _____

26          [2]    The parties have agreed that plaintiff is a
        "consumer" and defendant is a "debt collector" for purposes of
27  the FDCPA.  Joint Statement of Facts ¶ 8-10. Defendant does not
        dispute that the letters were "communications" as defined by
28  section 1692a(2) and that the first letter was an "initial
        communication" as defined by Section 1692g(a).

                                    2

1    Cir. 1989).  In its inquiry, the court must view any
2    inferences drawn from the underlying facts in the light most
3    favorable to the party opposing the motion.  <u>Matsushita Elec.</u>
4    <u>Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986).

5        The Ninth Circuit has held that whether a communication
6    violates the FDCPA is appropriately disposed of on summary
7    judgment.  <u>See</u> <u>Terran v. Kaplan</u>, 109 F.3d 1428, 1432 (9th Cir.
8    1997) and cases cited therein.  "Whether a communication would
9    'confuse a least sophisticated debtor,' thereby violating the
10   FDCPA, is a question of law."  <u>Schwarm v. Craighead</u>, 552 F.
11   Supp.2d 1056, 1074 (E.D.Cal. 2008) (ruling on cross motions
12   for summary judgment for violations of Section 1692e *inter*
13   *alia*) citing <u>Terran</u>, 109 F.3d at 1431.  The facts are
14   undisputed in this case and the issue of whether the letters
15   violate the FDCPA is therefore ripe for adjudication.

16       II.  Plaintiff's Section 1692e Claim
17       Section 1692e generally prohibits "false deceptive, or
18   misleading representation[s] in connection with the collection
19   of any debt."  15 U.S.C. § 1692e.  Specifically, Section
20   1692e(3) prohibits "the false representation or implication
21   that any individual is an attorney or that any communication
22   is from an attorney."  Section 1692e(5) prohibits "[t]he
23   threat to take any action that cannot legally be taken or that
24   is not intended to be taken."  Section 1692e(10) prohibits the
25   "use of any false representation or deceptive means to collect
26   or attempt to collect any debt or obtain information
27   concerning a consumer."  Plaintiff claims that the letters
28   violate all three specific provisions in addition to the

                                  3

1    general prohibition on deceptive practices.

2        A communication is misleading if it would tend to mislead

3    the "least sophisticated consumer." <u>Swanson v. Southern Oregon</u>

4    <u>Credit Service, Inc.</u>, 869 F.2d 1222, 1225 (9th Cir. 1988).

5    Plaintiff contends that the letters are deceptive for two

6    reasons.  First, the letters deceptively imply that they are

7    from an attorney.  "A debt collector violates this section of

8    the FDCPA when a letter appears to be sent by an attorney

9    without the attorney's having both reviewed the debtor's file

10   and gained some knowledge about the specific debt."  <u>Irwin v.</u>

11   <u>Mascott</u>, 112 F. Supp.2d 937, 949 (N.D.Cal. 2000).  Each of the

12   letters contains the explicit admonition that no attorney had

13   reviewed plaintiff's file.  Second, plaintiff contends that

14   the letters are deceptive because they threaten litigation

15   even though none of defendant's attorneys are admitted to

16   practice in California.

17       I find that all three of the letters deceptively imply

18   attorney involvement.  Each letter is printed on defendant's

19   letterhead, which states "Attorneys at Law" and is signed

20   "Richard J. Boudreau & Associates, LLC."  Although using

21   attorney letterhead alone may not violate the FDCPA, the legal

22   language in each letter crosses the line.  The first letter

23   opens with "This *law firm* has been *retained*" (emphasis added)

24   which is language that suggests that it is from an attorney

25   hired to do legal work.  The first and second letters also

26   state that the law firm's "review will determine whether there

27   is a valid *legal* dispute regarding the debt . . . ." (Emphasis

28   added).  The third letter contains language such as "valid

                                   4

1    legal defense," "cost of litigation," and "non-litigious

2    resolution."

3        The disclaimer in the middle of each letter that "no

4    attorney with this firm has personally reviewed the particular

5    circumstances of your account" is contradicted and

6    overshadowed by the rest of the language in each letter, which

7    would suggest to the least sophisticated consumer that the

8    letter was from an attorney.  Defendant's reliance on the

9    words "amicable, voluntary resolution" is inadequate in light

10   of each of the phrases quoted above that imply impending legal

11   action.  The only amicable resolution mentioned in the letter

12   is payment of the amount demanded.  The least sophisticated

13   consumer could well assume that if she doesn't pay that

14   amount, she will be sued.

15       Defendant's reliance on <u>Greco</u> is unpersuasive.  <u>Greco v.</u>

16   <u>Trauner, Cohen & Thomas, L.L.P.</u>, 412 F.3d 360 (2d Cir. 2005).

17   In that case, the Second Circuit held that an unsigned dunning

18   letter printed on attorney letterhead was in compliance with

19   the FDCPA.  First, <u>Greco</u> is not controlling in this

20   jurisdiction.  More importantly, the brief <u>Greco</u> letter does

21   not contain any of the threatening language in defendant's

22   letters and appended a statement of the debtor's rights that

23   fairly tracked the FDCPA.  The <u>Greco</u> letter does not use

24   language like "litigation" or "any valid legal defense" or any

25   of the inconsistent language this letter contains, as

26   discussed below.  Finally, in <u>Greco</u>, the defendant sent only

27   one letter, whereas in this case defendant sent three

28   successive letters to plaintiff.

1    This case is closer to <u>Dunn v. Derrick E. McGavic, P.C.</u>,

2    2009 WL 2828423 (D.Or. 2009).  In <u>Dunn</u>, the defendant law firm

3    sent an unsigned dunning letter on law firm letterhead.  The

4    specific language of that letter is similar to the language

5    used in this case, although that threat of litigation was more

6    explicit.  The court ultimately granted plaintiff's motion for

7    judgment on the pleadings finding that the letter falsely

8    represented attorney involvement and threatened immediate

9    litigation in contravention of the debtor's rights.

10    To find a violation of Section 1692e(5), I must determine

11    "(1) whether the debt collector threatened legal action, and,

12    if so, (2) whether such action could legally be taken or

13    whether the debt collector intended to take such action."

14    <u>Irwin</u>, 112 F. Supp. 2d at 950 (quoting <u>Newman v. Checkrite</u>,

15    912 F. Supp. 1354, 1379 (E.D. Cal. 1995)).  Here, the third

16    letter contains several references to litigation, chiefly that

17    defendant will consider "whether the cost of litigation would

18    exceed the likely recovery, if litigation were to be

19    commenced."

20    Language of a debt collection letter can constitute a

21    threat when it "create(s) the impression that legal action by

22    defendant is a real possibility."  <u>Baker v. G. C. Services</u>

23    <u>Corp.</u>, 677 F.2d 775, 779 (9th Cir. 1982).  Thus, "an explicit

24    statement or threat of legal action" is not required to

25    establish a violation of Section 1692e(5).  <u>See</u> <u>Kreek v.</u>

26    <u>Phycom Corp.</u>, 2007 WL 1229315 at *4 (N.D. Cal.) (analyzing a

27    letter stating: "if you do not telephone, the Physician will

28    *consider using* a collection agency or civil action to pursue

the debt.") (emphasis added); see also Palmer v. Stassinos,

348 F. Supp. 2d 1070, 1085 (N.D. Cal. 2004) (analyzing a

letter stating: "Failure [to remit payment in full] ... *may*

*necessitate* using other remedies to collect.") (emphasis

added).

Defendant here has used prospective language similar to

that found threatening in Kreek and Palmer.  Further, the

letter in this case was on attorney letterhead and signed by

the law firm.  At oral argument, both parties argued that the

sending of three letters as opposed to one supported their

respective positions.  Defendant argued that the letters show

a dedicated interest in a "voluntary, amicable resolution"

while plaintiff posited that reading the letters in context

reveals an increasingly threatening debt collection process.

I find that the letters became increasingly aggressive as they

progressed.  For the least sophisticated debtor, the third

letter would convey a "real possibility" of legal action when

read in conjunction with the first two.  Because defendant had

no ability to commence litigation against plaintiff in

California, none of its lawyers being admitted here, the

letter violates Section 1692e(5).

III.  Plaintiff's Section 1692g Claim

Plaintiff contends that the August 18, 2008 letter

violated section 1692g(a) of the FDCPA.  Section 1692g(a)

provides:

(a) Notice of debt; contents

Within five days after the initial communication with
a consumer in connection with the collection of any
debt, a debt collector shall, unless the following
information is contained in the initial communication

or the consumer has paid the debt, send the consumer
a written notice containing –

> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is
> owed;
>
> (3) a statement that unless the consumer,
> within thirty days after receipt of the
> notice, disputes the validity of the debt,
> or any portion thereof, the debt will be
> assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies
> the debt collector in writing within the thirty-
> day period that the debt, or any portion
> thereof, is disputed, the debt collector will
> obtain verification of the debt or a copy of a
> judgment against the consumer and a copy of such
> verification or judgment will be mailed to the
> consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's
> written request within the thirty-day period,
> the debt collector will provide the consumer
> with the name and address of the original
> creditor, if different from the current
> creditor.

15 U.S.C.A. § 1692g(a).  "Validation requirements are strictly
construed under the least sophisticated consumer standard."
Irwin, 112 F. Supp. 2d at 953 (citing Baker, 677 F.2d at 778)
(internal quotation marks omitted).  Here, plaintiff does not
contend that the validation notice itself is defective, but
instead contends that the notice is overshadowed by
contradictory language.

I find that the initial communication overshadowed the
otherwise proper validation notice.  The August 18 letter
states first that:

> "unless payment in full is made or you arrange through
> this firm for the repayment of this debt in a manner
> acceptable to our client, we will conduct a review of
> your account.  Our review will determine whether there is
> a valid legal dispute regarding this debt, and assuming

1   none, the most effective means to secure repayment."
2   This language implies to the least sophisticated consumer that
3   the consumer has only one option, to pay or arrange to pay the
4   debt in full.   This implication directly contradicts a
5   debtor's statutory right to dispute the validity of the debt
6   within thirty days of receipt, and suggests that defendant
7   alone will determine if there is any valid dispute, without
8   plaintiff's input.   Plaintiff's legal right to dispute the
9   debt, under Section 1692g, is not mentioned until the next
10  paragraph.   Stating inconsistent information in separate
11  paragraphs does not provide the level of consumer protection
12  Congress mandated.   Defendant cannot imply in one paragraph
13  that plaintiff has no right to dispute the debt and then cure
14  that violation in the next paragraph by stating that plaintiff
15  has such a right.
16      Plaintiff seeks maximum statutory damages, which are
17  available without proof of actual damages.   Baker v. G.C.
18  Servs. Corp., 677 F.2d 775, 781 (9th Cir. 1982).   Under the
19  FDCPA, a plaintiff may recover statutory damages "not
20  exceeding $1,000[,]" 15 U.S.C. section 1692k(a)(2)(A), and
21  under the RFDCPA, a plaintiff may recover statutory damages
22  "not less than one hundred dollars ($100) nor greater than one
23  thousand dollars ($1,000)."   Cal. Civ. Code § 1788.30(b).
24  Such damages may be awarded cumulatively under both statutes.
25  See 15 U.S.C. § 1692(n) (The federal law "does not exempt any
26  person . . . from complying with the laws of any State with
27  respect to debt collection practices"); Cal. Civ. Code §
28  1788.32 ("The remedies provided herein are intended to be

cumulative and are in addition to any other procedures, rights, or remedies under any other provision of law."). I find that plaintiff is entitled to $1000 under the FDCPA and $1000 under the RFDCPA.

If plaintiff seeks to recover reasonable attorneys' fees and costs for this action, she shall file a motion that complies with the Civil Local Rules by **January 13, 2010**. Plaintiff's motion for summary judgment is **GRANTED**. All future dates are **VACATED**.

Dated: December 18, 2009

Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\ROBERTSON V. BOUDREAU\ORDER GRANTING PLT'S MOT FOR SUMMARY JUDGMENT v 3.wpd